IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| TRENTON GARTMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:18cv534-MHT |
| | ) | (WO) |
| SERLIORIS PERRY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Pursuant to 42 U.S.C. § 1983 and state law, plaintiff Trenton Gartman filed this lawsuit naming as defendants multiple Autauga County Jail correctional officers, jail medical-services provider QCHC, Inc., and QCHC nurses. Gartman asserts that, while he was in pretrial custody in the Autauga County Jail, all defendants were deliberately indifferent to his serious medical needs, in violation of the Fourteenth Amendment to the United States Constitution (his federal claim), and that the nurse-and-medical-provider defendants were negligent in responding to his serious need for medical

care (his state claim).  Jurisdiction for the federal claim is proper under 28 U.S.C. §§ 1331 (federal question) and 1343 (civil rights), and the court has supplemental jurisdiction over the state claim pursuant to 28 U.S.C. § 1367.

This case is currently before the court on a motion to dismiss filed by 'correctional defendants' Serlioris Perry, Jabari Agee, Gene Lucas, Justin Robbins, Keith Dennis, Juan Davila, Sharon Reese, Perry Rogers, Jamal Pettway, and Patrick Cheatham.* In their motion, these defendants assert that Gartman has failed to state a federal claim against them and raise the defense of qualified immunity.  They further assert that Gartman's corrected first amended complaint should be dismissed as an impermissible 'shotgun pleading.'

The court agrees with the correctional defendants that the complaint is a shotgun pleading as to the

---

* The remaining defendants--Latechia Ball, Lisa Brady and QCHC, Inc.--filed answers to the corrected first amended complaint.

allegations against them. Accordingly, the court will strike Gartman's federal claim against the correctional defendants from the complaint and order him to file a second amended complaint that repleads the claim. *See Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018) (where a party files a shotgun pleading, the court "should strike the [pleading] and instruct counsel to replead the case") (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1133 n. 113 (11th Cir. 2001), *abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008)) (internal citation and quotation marks omitted); Fed. R. Civ. P. 12(f)(1) & (2).

'Shotgun pleadings' include those that assert "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions ...." *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015); *see also Magluta v. Samples*, 256 F.3d 1282, 1284

(11th Cir. 2001) ("The complaint is replete with allegations that 'the defendants' engaged in certain conduct, making no distinction among the fourteen defendants charged ... "). As currently pled, Gartman's corrected first amended complaint (doc. no. 70) fails to distinguish between the ten correctional defendants' conduct and fails to attribute each allegation against them to any specific defendant(s). Except for paragraph 21, in which he properly identifies Cheatham and Perry, Gartman refers to "one or more of the Jail Defendants" or "Defendants Agee, Perry, Cheatham and/or one or more of the Jail Defendants" as the subjects of his allegations. As a result, the court is left unsure as to whether Gartman has reason to believe that Agee, Perry, and Cheatham were any more likely involved in any particular act than the other unnamed defendants. Nor does the complaint even make clear whether Gartman claims that the same officer(s) carried out a series of actions, or

whether different officers were likely involved in each alleged act. This distinction, of course, could be relevant to whether any particular defendant had subjective knowledge of Gartman's medical needs.

Contrary to Gartman's argument that it is "proper and customary" not to identify the defendant(s) responsible for each allegation at this pre-discovery stage, Plaintiff's Response to Motion to Dismiss (doc. no. 79) at 28, complaints filed in federal court must be pled with more detail than Gartman has provided, *see generally Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). It is not enough to name each of the ten correctional officer defendants in the caption and attribute each allegation to "one of the Individual Jail Defendants." Corrected First Amended Complaint (doc. no. 70) at 14. If Gartman intends to allege that defendants Agee, Perry, and Cheatham were responsible for an alleged act, he must name them without introducing doubt as to their

5

identity through the use of "and/or." *Id.* at 20. If Gartman does not know which of the ten defendants were specifically responsible for each allegation, he should, at minimum, provide a physical description or as many other details as he has about the individual to which he attributes each act or omission. Overall, in this second amended complaint, the court seeks for Gartman to indicate with sufficient clarity each defendant's alleged involvement in each allegation, even if he cannot identify the person responsible by name, and to inform the court as to whether any of the same individuals were involved in multiple alleged acts.

In repleading the complaint, counsel should keep in mind, that under Rule 11, a complaint is appropriate so long as "factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P.

11(b)(3). In other words, absolute certainty, while desirable, is not necessary.

* * *

Accordingly, for the above reasons, it is ORDERED as follows:

(1) Defendants' motion to dismiss (doc. no. 74) is granted to the extent that the federal claim against correctional defendants Serlioris Perry, Jabari Agee, Gene Lucas, Justin Robbins, Keith Dennis, Juan Davila, Sharon Reese, Perry Rogers, Jamal Pettway, and Patrick Cheatham is struck.

(2) Pursuant to Federal Rule of Civil Procedure 15(a)(2), plaintiff Trenton Gartman is given leave to file, by January 29, 2020, a second amended complaint that repleads his federal claim against the correctional defendants. (The second amended complaint must also include all allegations against the other defendants.) If he does not file an amended complaint

by that date, the court will dismiss said claim without prejudice.

DONE, this the 15th day of January, 2020.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE