IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TRENTON GARTMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:18-cv-534-MHT-JTA |
| ) | |
| PATRICK CHEATHAM, ) | |
| an Individual, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

Upon consideration of the parties' Joint Motion for Protective Order (Doc. No. 131), and for good cause, it is

ORDERED that the motion is GRANTED. It is further

ORDERED as follows:

1. Any third-party protected health information, Jail Logs and audio recordings produced by the Defendants during the course of this action are deemed to be confidential documents and shall be used by the parties and their attorneys only for this action and for no other purpose.

2. The contents of any third-party protected health information, Jail Logs and audio recordings shall not be communicated in any way to anyone other than this Court and counsel for the parties in this action, except as otherwise provided in

this Order. Each party to this action and its counsel shall be advised of and be bound by the terms of this Protective Order.

3. Information contained within any third-party protected health information, the Jail Logs and audio recordings shall not be summarized or transcribed, in whole or in part, except by counsel for the parties for purposes directly associated with the above-styled action. No such summaries or transcriptions shall be retained by counsel for the Plaintiff, the Plaintiff, or by other persons subject to this Protective Order, to whom documents and/or summaries or transcriptions thereof have been presented by the Plaintiff and/or counsel for Plaintiff.

Use by Plaintiff of the personnel information shall be limited to the following persons:

    A.    The Parties to this action.
    B.    Counsel for Plaintiff and Defendants.
    C.    Employees of counsel for Plaintiff or Defendants necessarily involved in this action.
    D.    The experts retained to testify in this action.

4. Communication to the above-listed persons of the contents of any third-party protected health information, the Jail Logs and audio recordings shall be permitted, provided that, before obtaining access to such material, each such person

shall be shown a copy of this Protective Order and agree to be bound by the terms thereof.

5.     Any party to this suit may request, and the Defendants or Plaintiff may agree, that the provisions to this Protective Order be waived.  Any such waiver shall be in writing and shall be limited to the material specifically identified in such written waiver.

6.     This Protective Order, insofar as it restricts the communication and use of any third-party protected health information, the Jail Logs and audio recordings shall continue to be binding throughout and after the conclusion of this litigation, including all appeals.  At the conclusion of this action, including all appeals and all copies thereof, shall be promptly returned to the Defendants' attorney or destroyed.

7.     Nothing in this Protective Order shall be construed to preclude, either party from seeking additional protection of confidential materials, or from otherwise seeking a modification of this Protective Order.

8.     In the event any party to this action receives a request, subpoena or other formal or informal demand from any source, whether related to another cause of action, proceeding, investigation, or otherwise, for the production or disclosure of any such information then in such party's possession or control, which are subject to Protective Order, such party shall provide counsel of the Defendants or Plaintiff written notice of such request, subpoena or demand at least 14 days prior to such

party's required response to such request, subpoena or demand. Should any such request, demand or subpoena require response time of less than 14 days, the receiving party shall provide immediate notice to counsel for the Defendants or Plaintiff of such, by telephone and facsimile, to include sufficiently specific information as to permit the Defendants or Plaintiff to state and pursue objection thereto prior to any scheduled or stated time for response.

      DONE this 25th day of June, 2021.

*/s/ Jerusha T. Adams*
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE