IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| TRENTON GARTMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:18cv534-MHT |
| | ) | (WO) |
| PATRICK CHEATHAM, an | ) | |
| Individual, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

Plaintiff Trenton Gartman brought this lawsuit against defendants Patrick Cheatham, Jabari Agee, and Lisa Brady based on an alleged incident in which Gartman suffered heart problems and was shocked by his implantable cardioverter defibrillator multiple times while in custody at the Autauga County Jail. Cheatham, Agee, and Brady have moved for summary judgment. *See* Defs. Cheatham and Agee's Mot. for Summary Judgment (Doc. 163); Def. Brady's Mot. for Summary Judgment (Doc. 168). Their summary-judgment motions remain pending.

This case is now before the court on Cheatham and

Agee's and Brady's motions to strike Gartman's declaration. Although their motions ultimately request that the court strike Gartman's declaration, *see* Defs. Cheatham and Agee's Mot. to Partially Strike (Doc. 181) at 3; Def. Brady's Mot. to Partially Strike (Doc. 187) at 1, their motions argue that only certain statements in the affidavit are self-serving, conclusory, or not based on personal knowledge.

In resolving the pending summary-judgment motions, the court will construe the motions to strike as notices of objections to the declaration and will implicitly or explicitly resolve these objections in its discussion below. *See Norman v. S. Guar. Ins. Co.*, 191 F. Supp. 2d 1321, 1328 (M.D. Ala. 2002) (Thompson, J.); *Anderson v. Radisson Hotel Corp.*, 834 F. Supp. 1364, 1368 n.1 (S.D. Ga. 1993) (Bowen, J.). To the extent the defendants move to strike Gartman's entire declaration, the requested relief is overly broad and unsupported. "The rule is settled that on a motion for

2

summary judgment a court will disregard only the inadmissible portions of a challenged affidavit offered in support of or opposition to the motion and will consider the admissible portions in determining whether to grant or deny the motion." *Lee v. Nat'l Life Assur. Co. of Canada*, 632 F.2d 524, 529 (5th Cir. 1980).\*  To the extent the defendants challenge specific statements that "cannot be presented in a form that would be admissible in evidence," Fed. R. Civ. P. 56(c)(2), or that are not based on personal knowledge, *see* Fed. R. Civ. P. 56(c)(4), the court is capable of sifting evidence, as required by the summary-judgment standard, without resort to the exclusionary process.

***

Accordingly, it is ORDERED that defendants Patrick Cheatham and Jabari Agee's motion to partially strike

---

\* In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

**the declaration of Trenton Neal Gartman (Doc. 181) and defendant Lisa Brady's motion to partially strike the declaration of Trenton Neal Gartman (Doc. 187) are denied.**

**DONE, this the 9th day of March, 2022.**

**/s/ Myron H. Thompson**
**UNITED STATES DISTRICT JUDGE**
